# United States District Court
# Central District of California

| | |
|---|---|
| MICHAEL R. SPENGLER,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY SPENGLER, MICHAEL ROW, TRACY JACKSON, MICHELLE J. WAGGONER, AND TONY TYRE,<br><br>Defendants. | Case № 5:17-CV-01616-ODW (SPx)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO REOPEN CASE [21]** |

## I.  INTRODUCTION & PROCEDURAL BACKGROUND

On August 8, 2017, Michael Spengler filed his Complaint, which relates to alleged foul play leading to his father's death, and subsequent distribution of the estate. (*See generally* Compl., ECF No. 1.) Spengler[1] claims this federal court has jurisdiction because his first cause of action is for "Trademark/Copyrights/RICO/IRS." (Compl. 6.) After obtaining an order from the Court directing the United States Marshal to serve his Complaint (ECF No. 16), Spengler voluntarily dismissed his case without prejudice. (Not. of Dismissal, ECF

---

[1] Although there are multiple parties named "Spengler," the Court's references to "Spengler" throughout mean Plaintiff Michael Spengler, unless otherwise specified.

No. 19.) He claimed that he had reached a settlement with his family and their lawyer, and that he would receive an appropriate amount of his father's estate. (Not. of Dismissal 2–3.) On January 16, 2018, the Court received from Spengler a document styled as a "Request to Reopen," and six forms entitled "Process Receipt and Return" (Form USM-285). The Clerk did not immediately docket the pleadings because the case was administratively closed after Spengler dismissed his case on November 27, 2017. (Not. of Dismissal.) For the reasons discussed below, the Court **GRANTS** Spengler's Request to Reopen, and instructs the Clerk to **REOPEN** this case, and to file and docket the pleadings that the Court received on January 16, 2018.

## II. ANALYSIS

Spengler requests that the Court reopen his case, and also submits several service receipts, which the Court interprets as a request to complete service via United States Marshal.

### A. Request to Reopen

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: …(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; … [or] (6) any other reason that justifies relief." Rule 60(b) is the appropriate vehicle for relief where a party who entered into a settlement agreement, which led to the dismissal of an action, later claims the settlement agreement was fraudulent. *Keeling v. Sheet metal Workers Intern. Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (citing cases across circuits) ("Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order.") Thus, while the usual avenue of recourse where a party simply breaches a settlement agreement is to file a new suit for breach of contract, where the party alleges fraud, Rule 60(b) relief is appropriate. *See id.*

Taking into account Spengler's pro se status, the Court construes his request as a motion for relief pursuant to Rule 60(b). Spengler claims:

> My sister and her lawyer promised me last month to drop this & all lawsuits & they would give me a settlement on my Dad's probate, so I dropped them, but today I got a notice that they are not going to give me anything at all. They lied to me – please your Honor.

(Req. to Reopen 1, ECF No. 21.) This sounds of fraud. Whether Spengler will ultimately be able to prove his case is another issue, but the Court finds good cause for relief under Rule 60(b), and **GRANTS** Spengler's request to reopen the case.

## B. Request for Service by U.S. Marshals

Spengler dismissed this action prior to serving his Summons and Complaint. (Not. of Dismissal.) The Court had, however, already ordered the United States Marshals to serve Spengler's pleadings, with certain prerequisites for Spengler. (Order re: Service of Process by United States Marshal, ECF No. 16; Order Directing Service of Process, ECF No. 17.) On October 16, 2017, the Court ordered Spengler to submit completed USM-285 forms along with a Notice of Submission to the Clerk within 21 days of the date of that order—November 6, 2017. (Order re: Service 3, ECF No. 16.) Spengler did not comply with that order, but then filed his dismissal on November 27, 2017. (Not. of Dismissal.)

With his most recent submissions, he did file a Notice of Submission of Documents to Clerk of Court, which included six completed USM-285 forms. The Court notes Spengler's failure to comply with the prior deadline, but finds good cause in light of what he thought was a settlement, which turned out to be fraudulent. Accordingly, the Court directs Clerk to provide the United States Marshal with the completed forms along with the original summons and the appropriate number of copies of the Complaint (ECF No. 1), summons, and all of the Court's orders regarding service, including this one. (ECF Nos. 16–17.) The United States Marshal shall comply with the procedures set forth in the Court's Order Directing Service of

Process by the United States Marshal. (ECF No. 17.)

Finally, the Court reminds Spengler of his obligations when proceeding with this action, and that **failure to comply with this Court's orders, or the local rules will result in dismissal of his action without further notice, for want of prosecution**. Plaintiff is reminded of the following requirements for the preparation and submission of documents in this case:

a. All pleadings and other documents to be considered by the Court must be addressed and submitted to the clerk of court for filing.

b. Once the service of process has been completed by the United States Marshal, Plaintiff must mail to each defendant or, if an appearance has been entered by counsel, to each defendant's attorney, a copy of every pleading or other document Plaintiff submits to the Court. Plaintiff shall include with each original document to be filed with the clerk of court a proof of service stating the date on which a true and correct copy of the document was mailed to each defendant or defendant's counsel.

c. Any document received that has not been filed with the clerk of court or that does not include a proof of service on all defendants or defendants' attorneys may be disregarded by the Court.

### III. CONCLUSION

For the reasons set forth above, the Court:

1. **GRANTS** Spengler's request to reopen this case, which the Court construes as a motion for relief, pursuant to Rule 60(b);

2. **ORDERS** the Clerk to reopen this case and docket the pleadings received from Spengler; and

*//*
*//*
*//*
*//*

4

3. **ORDERS** the Clerk to provide the USM-285 forms to the United States Marshal for service, as described above.

**IT IS SO ORDERED.**

January 24, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

**cc: USMO**