# United States District Court
# Central District of California

| | |
|---|---|
| MICHAEL R. SPENGLER,<br><br>           Plaintiff,<br><br>     v.<br><br>KIMBERLY SPENGLER, et al.,<br><br>           Defendants. | Case No. 5:17-cv-1616-ODW(SPx)<br><br>**ORDER DISMISSING CASE FOR FAILURE TO SHOW CAUSE [57]** |

Presently before the Court is Plaintiff Michael Spengler's Response to the Court's Order to Show Cause. (*See* ECF Nos. 57, 65.) For the reasons that follow, the Court **DISMISSES** Plaintiff's case **with prejudice** as a sanction for his egregious violation of Court rules.

## Introduction and Procedural History

On August 10, 2017, Plaintiff, an inmate at Twin Towers Correctional Facility, filed his Complaint, which relates to alleged foul play leading to his father's death, and subsequent estate distribution. (*See generally* Compl., ECF No. 1.) Plaintiff claimed this Court has jurisdiction because his first cause of action is for "Trademark/Copyrights/RICO/IRS." (Compl. 6.) After obtaining an order from the Court directing the United States Marshal to serve his Complaint (ECF No. 16), Plaintiff voluntarily dismissed his case without prejudice. (Not. of Dismissal, ECF No. 19.) He claimed that he had reached a settlement with his family and their

lawyer, and that he would receive an appropriate amount of his father's estate. (Not. of Dismissal 2–3.) On January 16, 2018, the Court received from Plaintiff a document styled as a "Request to Reopen," and six forms entitled "Process Receipt and Return" (Form USM-285). The Clerk did not immediately docket the pleadings because the case was administratively closed after Plaintiff dismissed his case on November 27, 2017.

On July 5, 2018, the Court referred this case to Magistrate Judge Sheri Pym, after receiving a Statement of Consent to proceed before a United States Magistrate Judge ("Statement"). (ECF No. 55.) Plaintiff submitted the Statement for filing, and the Statement contained what purported to be the signatures of all parties to this case. (*See id.*) On July 6, 2018, Defendants Michael Rowe and Kimberly Spengler objected to the Statement on the grounds that their signatures were forged and provided declarations in support of their objections. (ECF No. 56.)

On July 9, 2018, the Court ordered the Plaintiff to Show Cause by August 3, 2018, why the instant matter should not be dismissed due to his blatant disregard for the Court's rules. (ECF No. 57.) On July 19, 2018, the Court received Plaintiff's handwritten Response to the Order to Show Cause (which Plaintiff entitled "Sanctions-O.S.C."). (ECF No. 65.)

## Legal Standards

**A. Sanctions**

Federal courts have broad powers to impose sanctions against parties or counsel for improper conduct in litigation. The Court derives the power to impose sanctions on parties or their counsel from three primary sources of authority, "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

//

### 1. Federal Rule of Civil Procedure 11

Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Rule 11 imposes an objective standard of reasonableness, which applies to pro se litigants. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 892 F.2d 802, 811 (9th Cir. 1989). Rule 11(c) provides for the imposition of appropriate sanctions for a violation of Rule 11(b) on any attorney, law firm or party that has violated the rule or is responsible for the violation committed. Any sanction imposed must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4). The decision whether to impose sanctions is determined by the reasonableness of the inquiry into the law and facts. *G.C. & K.B. Investments v. Wilson,* 326 F.3d 1096, 1109 (9th Cir. 2003). "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(6).

### 2. Inherent Power

The Court has inherent power to sanction parties or their attorneys for improper conduct. *Chambers v. Nasco, Inc.,* 501 U.S. 32, 43–46 (1991); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980); *Fink v. Gomez,* 239 F.3d 989, 991 (9th Cir. 2001). This includes the "inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Anheuser–Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995) (quoting *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983)); *see Combs v. Rockwell Intern. Corp.,* 927 F.2d 486, 488 (9th Cir.

1991) ("Dismissal is an appropriate sanction for falsifying deposition"). Because dismissal is such a harsh penalty, courts reserve such use for extreme circumstances. *Wyle,* 709 F.3d at 589. "It is well settled that dismissal is warranted where. . . a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings. . ." *Anheuser–Busch, Inc.*, 69 F.3d at 348.

**B. Dismissal as Sanction**

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, but they are not conditions that must be met in order for a court to take action. *Id.*

**C. The Prison Litigation Reform Act's "Three Strikes" Rule**

Under the Prison Litigation Reform Act, the court shall dismiss the complaint or any portion thereof at any time if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(i-iii). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to [Federal] Rule [of Civil Procedure] 12(b)(6)).

Since the passage of the PLRA, an inmate like Spengler who has filed numerous unsuccessful lawsuits can become ineligible to file additional lawsuits in

federal court without paying the ordinary $350 fee upon filing, even if the inmate is indigent. The PLRA provides for such a limitation on filing suit through its rule, nicknamed the "three-strikes rule," making *in forma pauperis* status unavailable to prisoners who have "on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see also Andrews v. King,* 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005) (noting the "three strikes" terminology).

**Discussion**

**1. Plaintiff's Response to the Order to Show Cause**

Plaintiff is no stranger to this District. Over the past three years, Plaintiff has initiated twenty-nine cases. During this period, Plaintiff's cases have been repeatedly dismissed as frivolous, resulting in four "strikes" under the PLRA.[1] Thus, the Court is aware that Plaintiff is not a typical *pro se* litigant who lacks federal court understanding. Instead, Plaintiff is aware that his claims will be dismissed if they fail to demonstrate grounds for relief, and is on notice that conclusory allegations are insufficient to show cause or state a claim upon which relief can be granted.

In Plaintiff's Response, he falls short of satisfying the Court's explicit request that he address the forged signatures on the Statement. Rather than addressing the Court's inquiry with explanations and evidence as to why he did not commit forgery, Plaintiff spends a significant amount of time and effort placing blame on the Defendants. Specifically, he maintains that he did not forge the Statement; that his sister, Defendant Kimberly Spengler, is a liar and the forgery is her work; and the

---

[1] The Court takes judicial notice on its own initiative of *Spengler v. Rowe*, 2:18-cv-00695, where Judge David O. Carter dismissed Plaintiff's case for failure to comply with the PLRA. Specifically, Judge Carter indicated that Plaintiff received "strikes" for frivolous filings in the following cases: 2:17-cv-6260-DOC(SP); 2:17-cv-6778-DOC(SP); 2:18-cv-0097-RGK(JPRx); 5:18-cv-0053-DOC(SP). Moreover, Judge Carter identified substantial overlap between the complaints filed in the instant case and 2:18-cv-0695. Plaintiff was not subject to the "three strike" sanction when the instant case was filed, but his subsequent repeated frivolous filings in this District are adequate to instill an understanding that claims must be supported by evidence and substance, which Plaintiff fails to do with unfortunate regularity.

detention facility's pen prohibition eliminates his ability to sign anything in ink. (Sanctions-O.S.C. 11, 17, ECF No. 65.) Plaintiff then proceeds at length challenging the Defendants' credibility before indicating that this entire process is an attempt to get him into trouble before the Court.

Rather than engaging Plaintiff's numerous credibility claims against the Defendants piecemeal, the Court will address all such arguments in one fell swoop: Plaintiff was not ordered to address Defendants' character, nor whether they committed forgery. Instead, Plaintiff was required to account for his own actions. If the Court sought the Plaintiff to provide credibility determinations, such an order would have issued. However, that simply is not the task Plaintiff was ordered to accomplish.

What remains is Plaintiff's single sentence conclusion (out of a 19 page response) that he could not have forged ink signatures as an inmate at Twin Towers Correctional Facility because he does not have access to pens.[2] This argument is insufficient because it is merely a conclusory assertion without additional evidence to substantiate his claim. Thus, on this record, Plaintiff's arguments fail to demonstrate cause.

Although Plaintiff is proceeding *pro se*, the Court is sympathetic to his plight. In an effort to simplify the issues, the Court set forth the requirements for his Response in clear terms. However, Plaintiff seemingly pays little heed to the Court's directive and instead attempts to litigate issues outside the Order to Show Cause, including forgeries purportedly committed by the Defendants. An Order to Show Cause with the specific directive that Plaintiff address forgery is not the proper place for such claims, and the Court therefore finds Plaintiff's arguments unavailing.

Accordingly, the Court concludes that Plaintiff has failed to show cause.

//

---

[2] Plaintiff raises an argument that his disability prevents him from forging documents, and the Court does not dispute that disability inhibits the ability of individuals to accomplish certain tasks. However, the Court does not find the argument helpful in resolving the forgery issue, and intentionally omits analysis of this argument.

### 2. Dismissal as a Sanction

Having determined that Plaintiff has failed to show cause, the Court turns to whether dismissal is an appropriate sanction.

The Court has considered the availability of less drastic sanctions, but concluded that under the circumstances presented here, no such sanctions are practical. Plaintiff is indigent and proceeding *in forma pauperis* and as a result, the imposition of monetary sanctions would likely be futile and unenforceable. *James v. Wilber*, 956 F. Supp. 2d 1145, 1169 (E.D. Cal. 2013); *see also Thomas v. Gerber Prod.*, 703 F.2d 353, 356-57 (9th Cir. 1983) (holding that a court abuses its discretion in selecting a sanction imposing a requirement that cannot be performed, such as requiring an indigent party to pay a monetary sanction he cannot afford); *Wade v. Ratella*, 407 F. Supp. 2d 1196, 1209 (S.D. Cal. 2005) ("[M]onetary sanctions would be ... ineffective because Plaintiff, a *pro se* prisoner proceeding *in forma pauperis*, arguably lacks the funds to comply with an order for sanctions."). Nor is this a situation in which a warning is an appropriate lesser sanction. *See Jackson v. Murphy*, 468 Fed. Appx. 616, 620 (7th Cir. 2012) ("Jackson, like any litigant, required no notification that he may not forge documents and must tell the truth when testifying in an affidavit."). Likewise, a "verbal reprimand is not sufficient" since presenting fabricated documents to the Court "is not a minor violation for which mere censure is appropriate." *James*, 956 F. Supp. 2d at 1169.

Accordingly, the Court concludes that dismissal is an appropriate sanction.

### Conclusion

For the foregoing reasons, Plaintiff's case is **DISMISSED with prejudice** as a sanction for committing forgery against the Court.

*//*
*//*
*//*
*//*

All pending dates and deadlines are hereby **VACATED**, and the clerk is ordered to close the case.

**IT IS SO ORDERED.**

September 24, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**